DECISION AS TO THE ESTATE OF WILLIAM KINGERY
This matter was originally presented as an action by the Estate of Winifred Saretzki as the prior owner of the Cardi property against multiple defendants. The trial as to the defendant Kingery was severed and a hearing held as to the relief sought by the Estate of Winifred Saretzki, that is a determination as to the nature, scope, location and extent of the right of way granted in a December 1881 deed that stated:
 "A right of way twelve feet wide as the roads are now laid out over other land of this grantor from Hamilton Ave. (so called) to the aforegranted premises and from said premises to tide water of Narragansett Bay."
By history and utilizing Exhibit 1 as a reference point, Hamilton Avenue is now Boston Neck Road and the roads "laid out over other land of the Grantor" is now Elm Drive and the land on both sides of Elm Drive was owned by Earle and Greene. The question herein is the location of the road over Lot 20 owned then by Joseph P. Earle. Early maps and diagrams often depicted the way over Lot 20 in a general easterly direction along the southern boundary of Lot 20 leading, if it were continued, to the southeasterly corner of Lot 20, but stopped short of the southeast corner. However, on Exhibit 5, the plat of Duck Cove Farm prepared in 1936 extended the road to the southeast corner at the inlet between Narragansett Bay and Duck Cove. "From said premises to tide water . . ." would appear to place the beginning of the right of way at the juncture of Lot 20 and Elm Drive between Lots 21 and 22.
 FINDINGS OF FACT
Based upon the evidence produced at trial, the Court makes the following findings of fact:
 1. William D. Kingery, Jr. and Rebekah Kingery Jones are co-executors of the ancillary estate of William D. Kingery and, as such, are the successors in interest of William D. Kingery and his predecessors in title, including Harriet Greene.
 2. In January of 1881, Harriet T. Greene deeded a large parcel of land known as the "Duck Cove Farm" to Joseph P. Earle. The Duck Cove Farm was ultimately divided into several parcels all having proximity to Duck Cove. This deed includes Assessor's Plat 90, Lot 20 (now owned by Cardi); Lot 21 (now owned by Hamlin); Lot 22 (now owned by Kingery); Lot 44 (now owned by Bennett); Lot 46 (now or formerly owned by Bowerman).
 3. The subsequent deed from Joseph P. Earle to Harriet T. Greene dated December 1881 which included Lots 21, 22, 44 and 46 grants to the defendants, as successors in interest:
 "A right of way twelve feet wide as the roads are now laid out over other land of this grantor from Hamilton Avenue (so-called) to the aforesaid premises and from said premises to the tidewater of Narragansett Bay. Reference is hereby made to plat of said premises made by William W. G. Temple C.E. in November A.D. 1881 and recorded in the Town Clerk's office". (SeeKingery Exhibit D Plaintiffs Exhibit 2).
 4. The Temple plat of 1881 as referenced above and, as currently recorded, is incomplete and the only known copies of said plat show only a portion of the right of way. The existing Temple plat does not depict the right of way or the servient (Cardi) property in the area.
 5. In 1881, Harriet Greene owned and maintained a "three-room bathhouse." The bathhouse was located at a point easterly of a cottage built by Joseph Earle (See Kingery Exhibit U). There also existed a "road" to the "bathhouse which was on the shore" of the servient lot of Joseph Earle. (See Kingery Exhibit V). The bathhouse was situated "on the shore of the bay near the point where the road came to the water". (See Kingery Exhibit W).
 6. Joseph Earle acquired the subject property in January of 1881 as part of a larger parcel. Approximately two years later (late 1883), Earle built a footbridge at the point of land leading to Lone Tree Point across the inlet. (See Kingery Exhibit V). Thereafter Harriet Greene utilized that bridge to access Lone Tree Point and a new bathhouse which was built by Joseph Earle on the westerly side of Lone Tree Point (see Kingery Exhibits V and W) and exchanged her bathhouse on Lot 20 (the Cardi property) for a share of the bathhouse on Lone Tree Point.
 7. At various times, the bridge was "carried away" by natural forces. During these periods, the successors of Greene crossed the Duck Cove "inlet by way of a boat which [was] kept there for the purpose." The boat was moored in Dock Cove not on the right of way. (See Kingery Exhibit W). (See also Exhibit X).
 8. Over the years, the right of way to the tidewater was accessed both by foot and by auto. (See Kingery Exhibit T). (See also Deposition of Natalie Hamlin, Kingery Exhibit S at page 10). The boat was regularly used for crossing to Lone Tree Point from Lot 20. (See Kingery Exhibit S at pages 6, 7). Hamlin and others also used the area of the point for swimming and bathing. (see Exhibit S, page 8) as well as the beach at Lone Tree Point where the bathhouse had existed.
 9. The deed from William Earle and Russell Earle to Evelyn Maine (Kingery Exhibit D) is found in the Cardi chain of title. (See Plaintiffs Exhibit 14). The Maine deed, dated September 18, 1939 transferred the property "Together with such rights as the grantors have as owners of the land hereby conveyed to the use of Duck Cove for boating and bathing purposes in common with the grantors and other owners of land around said cove". (See Kingery Exhibit D, Plaintiff's Exhibit 4)," which language however could not change the location or use of the right of way as stated in the December 1881 deed.
 10. The easement contained in the Greene deed of December 1881 as reasonably applied to the known facts, grants to the defendants a right of access to the tidewater of Narragansett Bay at the southeast corner of plaintiff's land (Lot 20) and the inlet to Duck Cove leading to Lone Tree Point. The access road and access area are not limited to foot travel but also passage for vehicles and boats. However, said use was for passage solely, not for storage, parking of vehicles, boats or other tangible property.
In conclusion, the defendants representing the Kingery interests have a twelve foot right of way from the terminus of Elm Drive at the point of intersection with Lot 20 (the Cardi property) then easterly along the southerly line of Lot 20 as it abuts the northerly line of Duck Cove to the inlet to and from Narragansett Bay and Duck Cove for the purposes of reaching the Tidal Waters of the Bay, not for storage, parking etc., but solely for passage. From that point they have access to Narragansett Bay along the shore in all directions below the mean high tide line as has every citizen of the State.
The plaintiff will present a judgment in accordance with this decision.